

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:          Michael McKinley v. Victoria Escochea

Appellate case number:     01-14-00044-CV

Trial court case number:    1999-51797

Trial court:                          312th District Court of Harris County

Appellant, Michael McKinley, has filed a "Motion to Suppliment [sic] the Clerk's Record on Appeal" and a "Motion for Extension of Time to File Appellate's [sic] Brief." We deny the motion to supplement and grant in part and deny in part the motion for extension.

In his motion to supplement, appellant argues that numerous documents, including a "Motion to Modify," agreed temporary orders, a motion for counseling, a "First Amended Motion to Modify Parent Child Relationship," a temporary restraining order, and a "Motion to Sign temporary Orders [sic]," are necessary for a proper presentation of this case on appeal but are not included in the clerk's record. Appellant further contends that this matter cannot be properly considered "without the inclusion into the Appellate Record of the pleadings filed in this case on file with the clerk starting on October 17, 2012." Appellant therefore requests that we "order the Harris County District Clerk to prepare copies of the totality of the Clerk's files in cause number[] 1999-51797 beginning at the initiation of the Modification on October 17, 2012 and submit them to the Court of Appeals to supplement the Clerk's Record" previously filed.

In his motion for extension of time, appellant states that his "brief is due on March 12, 2014" and that "the parties are ordered to mediate by April 7, 2014."[1] Appellant further states that he is filing his motion for extension in conjunction with his motion to supplement the clerk's record and "requests an extension of time to duplicate and file the

---

[1]     Appellant's brief was originally due on March 12, 2014. On March 10, 2014, we granted a previous motion for extension of time filed by appellant and extended the deadline to May 12, 2014.

contents of the additional pleadings with the Court of Appeals for inclusion in the Clerk's Record for appellate review." Appellant requests a 60-day extension of time in which to file his brief "to give the Harris County District Clerk time to supplement the record and allow appellate counsel adequate time to brief the legal issues involved in this case."

If appellant believes that relevant items have been omitted from the clerk's record, appellant may, without necessity of an order from this Court, "by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item[s]." TEX. R. APP. P. 34.6(c). Once the relevant items have been properly designated and the clerk's fee has been paid, the trial court clerk will be responsible for filing a supplemental clerk's record, and any supplemental clerk's record filed by the trial court clerk will be part of the appellate record. *See* TEX. R. APP. P. 34.5(a)(13), (b)(1), (2), (4), (c)(1), (3), 35.3(a)(2). Nevertheless, appellant's request, seeking "the totality of the Clerk's files in cause number[] 1999-51797 beginning at the initiation of the Modification on October 17, 2012," fails to "specifically describe the item[s] so that the clerk can readily identify" them and amounts to a general designation, and it is therefore an improper designation. TEX. R. APP. P. 34.5(b)(2) (requiring designation to specifically describe item so clerk can readily identify it and stating that "clerk will disregard a general designation"). Accordingly, we **deny** appellant's motion to supplement.

Further, appellant fails to identify any omitted item that is a required part of the record absent designation by a party. *See* TEX. R. APP. P. 34.5(a)(1)–(a)(12). Therefore, because no party designated these filings for inclusion in the record before the trial court clerk filed the record, the clerk's record was complete when it was filed. *See* TEX. R. APP. P. 34.5(a)(13), 35.1(b)(1). And, although an appellant is entitled to request that additional documents be included in a supplemental clerk's record, an appellant's untimely request does not render the clerk's record incomplete. *See* TEX. R. APP. P. 34.5(b)(4), (c)(1). Therefore, an untimely designation of documents for inclusion in the clerk's record, submitted to the trial court clerk after the clerk's record has been filed in this Court, does not provide a basis for a motion for extension of time to file an appellant's brief. *See* TEX. R. APP. P. 10.5(b)(1)(C), 38.6(a), (d). Accordingly, appellant's motion for extension of time to file his brief is **granted in part and denied in part**. Appellant's brief is ordered filed no later than 30 days from the date of this order.

It is so ORDERED.


Judge's signature: /s/ Sherry Radack
         ☒ Acting individually     ☐ Acting for the Court

Date: May 20, 2014